UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| SHANE R E LONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 23-cv-1386 |
| | ) |
| BILLY ROOK, *et al.* | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Plaintiff, proceeding pro se under 42 U.S.C. § 1983, presently incarcerated at Dixon Correctional Center, asserts claims based on occurrences during his detention in the McLean County Detention Center in Bloomington, Illinois.

A. Preliminary Matters

Plaintiff's Petition to Proceed in Forma Pauperis (Doc. 3) has been granted. Motion to Proceed in Forma Pauperis (Doc. 9) is MOOT.

Plaintiff's Motion for Service at Government Expense (Doc. 6) is granted to the extent that the Clerk will prepare and send waivers of service to Defendants to move the case forward efficiently.

B. Merit Review Order

The case is before the Court for a merit review of Plaintiff's complaint. The Court must "screen" Plaintiff's complaint, and through such process identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is

frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

On October 21, 2021, during a discussion with Defendant Correctional Officer Andrea Brown and Correctional Sergeant Steve Kerr, Kerr threatened Plaintiff. Plaintiff tried to separate himself from Kerr. Kerr called for backup and held Plaintiff at taser point. Officers Billy Rook, Megan Kohrt, Andrew King, and Thomas Foreman responded. Plaintiff followed commands to stand against a shower door with his hands raised. Kohrt took Plaintiff's left wrist and applied handcuffs. Rook simultaneously took Plaintiff's right wrist and twisted it with great force behind Plaintiff's back, causing Plaintiff to scream. Rook kept lifting Plaintiff's wrist up toward the center of Plaintiff's back, lifting Plaintiff off the ground. Kohrt continued to try to apply handcuffs to Plaintiff during this time. Kerr then replaced Kohrt and began twisting Plaintiff's left wrist and arm causing extreme pain. Rook and Kerr pulled Plaintiff's arms upward, causing popping and grinding sounds in Plaintiff's shoulders and extreme pain. The other officers could have intervened to stop the use of force

but did not do so. Plaintiff was then dragged screaming out of the pod. Plaintiff suffered extreme pain and permanent shoulder damage.

Plaintiff's complaint states a claim for excessive force against Defendants Rook and Kerr, and a claim failure to intervene against Defendants Kohrt, King, Foreman, and Brown. *Williams v. Brooks*, 809 F.3d 936, 944 (7th Cir. 2016); *Miller v. Gonzalez*, 761 F.3d 822, 826 (7th Cir. 2014).

Plaintiff also seeks to sue Assistant Superintendent Mathew Proctor, Superintendent Diane Hughes, and Sheriff John Sandage, for their supervisory roles in the operation of the McLean County Detention Center. Plaintiff's allegations do not state a claim against these Defendants. "Public officials are accountable for their own conduct, but they are not vicariously liable for the acts of their subordinates." *Brown v. Randle*, 847 F.3d 861, 865 (7th Cir. 2017). "The personal-involvement requirement is satisfied if the constitutional violation occurs at a defendant's direction or with her knowledge or consent." *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018). Here there is no indication that Proctor, Hughes, or Sandage were personally involved with the incident on October 21, 2021, nor that it occurred at their direction or with their knowledge or consent. These Defendants are terminated.

C. <u>Motion to Request Counsel</u>

The Court undertakes an initial two-part inquiry: (1) whether the plaintiff made a reasonable attempt to obtain counsel or has been effectively precluded from doing so, and, if so, (2) given the difficulty of the case, does the plaintiff

appear competent to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir 2007).

In analyzing the second step, a court must consider the factual and legal difficulty of a plaintiff's claims, and the plaintiff's competence to litigate them, while accounting for the plaintiff's literacy, communication skills, educational level, and litigation experience, plus the plaintiff's intellectual capacity and psychological history if information on those topics is before the court. *Watts v. Kidman*, 42 F.4th 755, 760 (7th Cir. 2022).

Here, Plaintiff has made a reasonable attempt to find counsel without court assistance.

Turning to Plaintiff's ability to litigate the case, his filings to date are clear. He reports some high school education. He does not indicate he is incapacitated or impaired in his ability to litigate the case by way of his psychological history. He does not report prior litigation history. Plaintiff cites reduced access to the prison law library as a basis for appointment of counsel. Plaintiff also states he believes medical experts will be required.

The Court finds Plaintiff able to litigate his claims herein without the assistance of an attorney. He is literate and, though there is some level of difficulty in all federal litigation, Plaintiff's excessive force claim is relatively simple. Plaintiff has personal knowledge of the facts of the incident and can testify to those facts. It is not clear that expert testimony would be required in this excessive force case. If Plaintiff needs additional time due to limited law library access, he should file an appropriate motion to that effect.

IT IS THEREFORE ORDERED:

1. **Plaintiff's Motion to Proceed in Forma Pauperis [9] is MOOT.**

2. **Plaintiff's Motion to Request Counsel [5] is DENIED.**

3. **Plaintiff's Motion for Service at Government Expense [6] is GRANTED to the extent that the Clerk will prepare and mail waivers on Plaintiff's behalf.**

4. **Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that the plaintiff states a claim for excessive force against Defendants Rook and Kerr, and a claim for failure to intervene against Defendants Kohrt, King, Foreman, and Brown. Other parties to be terminated. Any additional claims and parties shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown, or pursuant to Federal Rule of Civil Procedure 15.**

5. **This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.**

6. **The court will attempt service on the defendants by mailing each defendant a waiver of service. If a defendant fails to sign and return a waiver of service to the clerk within thirty days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

7. **With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.**

8. **The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under**

the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered. After the defendants have been served and have answered, the court will enter an order setting discovery and dispositive motion deadlines.

9. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are NOT filed with the clerk. The plaintiff must mail discovery requests and responses directly to counsel for the appropriate defendant. Discovery requests or responses sent to the clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until the court has entered a scheduling order, which will explain the discovery process in more detail.

10. Counsel for the defendants is hereby granted leave to depose the plaintiff. Counsel for the defendants shall arrange the time for the deposition.

11. The plaintiff shall immediately notify the court, in writing, of any change in mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit.

12. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

Entered this 1st day of November, 2023.

*s/Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE